Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Telephone: (516) 268-7080
spencer@spencersheehan.com

United States District Court
Southern District of New York

7:21-cv-00194

Dave Socol, individually and on behalf of all others similarly situated,

                Plaintiff,

      - against -

7-Eleven, Inc.,

                Defendant

Class Action Complaint

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. 7-Eleven, Inc. ("defendant") manufactures, labels, markets and sells "crunchy onion snacks" labeled as "Yumions" under the "7-Select" brand ("Product").

2. The front label contains a drawing of a green onion with pictures of the "onion rings."



3. The picture of the onion, the "onion rings" and the statement of "Crunchy Onion Snacks" is false, deceptive and misleading because it gives reasonable consumers that the Product contains real onions in a non-de minimis amount.

4.  Instead, the Product is made mainly of fried corn meal with onion powder included as a component of the "Seasoning" ingredient.

INGREDIENTS: CORN MEAL, VEGETABLE OIL (CANOLA AND/OR CORN AND/OR SUNFLOWER OIL), SEASONING (CORN MALTODEXTRIN, SALT, SUGAR, ONION POWDER, BUTTERMILK POWDER, MONOSODIUM GLUTAMATE, HYDROLYZED CORN PROTEIN, DEXTROSE, GARLIC POWDER, CARAMEL COLOR, EXTRACTIVES OF PAPRIKA, NATURAL FLAVOR, NOT MORE THAN 2% CALCIUM SILICATE ADDED AS ANTICAKING AGENT).

5.  The Product's ingredient list reveals the most predominant ingredient is not onions but "corn meal."

6.  The second most predominant ingredient is also not onions, but vegetable oils.

7.  "Onion powder" is part of the seasoning, which itself contains more corn, salt and sugar than onion powder.

8.  By not disclosing on the front of the Product that it is a deep-fried corn chip with added onion flavor, consumers are misled to expect a non-de minimis amount of real onions.

9.  Onion powder is made from dehydrated, ground onions and commonly used as a

seasoning.

10. Onion powder is around ten times stronger in flavor compared to real onions.

11. Onion powder lacks the depth of flavor provided by real onions because they are typically made with *part* of the onions, such as the bulb.

12. Since each part of the onion – bulb, root, stem, and skin – has unique flavor and aroma compounds, onion powder necessarily is unable to provide the "oniony" flavor appreciated by consumers.

13. Added onion flavor cannot replicate the flavor from real onions because it lacks the delicate balance of flavonoids critical to onions.

14. The Product also contains added onion flavor as part of the "natural flavor" ingredient, which makes the onion taste of the Product more pronounced.

15. Consumers will believe the Product's onion taste is due to having more real onion ingredients when this is not true, because it does not contain any real onions.

16. Added onion flavor cannot replicate the flavor from real onions for the same reasoning onion powder because it lacks the delicate balance of flavonoids critical to onion.

17. Onion powder and added onion flavor also lack the health and nutrition benefits that are provided by real onions.

18. Real onions contain fiber and include dietarily significant amounts of vitamin C, folate, vitamin B6, and potassium.

19. Onion powder contains proportionally less of these vitamins and nutrients, while the added onion flavor contains none.

20. The addition of onion powder and onion flavor means the label is required to state "natural onion flavored" or "onion flavored" fried corn snack. 21 C.F.R. § 101.22(i)(1)(i).

21. The added onion flavor is needed because the amount of real onions in the Product is de minimis and insufficient to independently provide an onion taste.

22. The added onion flavor allows the Product to use *less onions*, while in theory retaining an onion taste.

23. A consumer at the checkout line would not know that the Product's "Natural Flavor" provides an onion flavor, which can only be concluded through laboratory analysis.

24. The Product also contains caramel color for food coloring, which gives consumers a misleading impression that the Product contains *more* onions than it does since the color is a darker brown than it otherwise would be, similar to the color of onions.

25. The amount of onions in the Product is material to plaintiff and consumers.

26. Defendant knows consumers will pay more for the Product because the front label only states "Crunchy Onion Snacks" instead of "natural onion flavored fried corn snacks" or "does not have any real onions and does not taste like real onions."

27. Defendant misrepresented the Product through affirmative statements and omissions.

28. Defendant sold more units of the Product and at higher prices than it would have in the absence of the misrepresentations and omissions, resulting in additional profits at the expense of consumers like plaintiff.

29. The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

30. Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for it.

31. The Product is sold for a price premium compared to other similar products, no less than $2.19 for 3.2 OZ, higher than it would otherwise be sold for absent the misleading

representations.

## Jurisdiction and Venue

32. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

33. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

34. Plaintiff Dave Socol is a citizen of New York.

35. Defendant 7-Eleven, Inc. is an Texas corporation with a principal place of business in Irving, Dallas County, Texas.

36. Diversity exists because plaintiff Dave Socol and defendant are citizens of different states.

37. Upon information and belief, sales of the Product and statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

38. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – plaintiff's purchase of the Product.

39. Venue is further supported because many class members reside in this District.

## Parties

40. Plaintiff Dave Socol is a citizen of White Plains, Westchester County, New York.

41. Defendant 7-Eleven, Inc. is a Texas corporation with a principal place of business in Irving, Texas, Dallas County.

42. Defendant is the world's most well-known convenience store brand.

43. Defendant sells the products of national brands and many similar products under its private label 7 Select brand.

44. During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Product within his district and/or State in reliance on its representations and omissions.

45. Plaintiff bought the Product at one or more 7-Eleven stores in New York during the time period of January 2020 and May 2020 and relied on the representations to expect a non-de minimis amount of onions.

46. Plaintiff bought the Product at or exceeding the above-referenced price because he wanted to buy a product with the qualities, ingredients and attributes represented herein.

47. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

48. The Products was worth less than what Plaintiff paid and he would not have paid as much absent Defendant's false and misleading statements and omissions.

49. Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance that Product's labeling is consistent with its composition and origins.

## Class Allegations

50. The class will consist of all purchasers of the Product who reside in New York, Pennsylvania, Ohio, North Carolina, Virginia and Connecticut during the applicable statutes of limitations.

51. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

52. Common questions of law or fact predominate and include whether defendant's

representations were and are misleading and if plaintiff and class members are entitled to damages.

53. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

54. Plaintiff is an adequate representative because his interests do not conflict with other members.

55. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

56. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

57. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

58. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
(Consumer Protection Statutes)

59. Plaintiff incorporates by reference all preceding paragraphs.

60. Plaintiff and class members desired to purchase a product which contained an appreciable, non-de minimis amount of real onions because they valued the onion taste and other benefits provided by real onions and not provided by onion powder.

61. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

62. Defendant misrepresented the Product through its statements, comparisons, omissions, ambiguities and actions.

63. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Negligent Misrepresentation

64. Plaintiff incorporates by reference all preceding paragraphs.

65. Defendant had a duty to truthfully represent the Product, which it breached.

66. This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type.

67. Defendant did not have a duty to advertise the product with a large drawing of an onion and the name "Crunchy Onion Snacks" without also disclosing the product was an onion flavored fried corn snack.

68. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

69. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

70. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

71. Plaintiff incorporates by reference all preceding paragraphs.

72. Defendant misrepresented the attributes and qualities of the Product.

73. Defendant's fraudulent intent is evinced by its failure to accurately disclose the issues described herein, when it knew not doing so would mislead consumers.

74. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

75. Plaintiff incorporates by reference all preceding paragraphs.

76. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   January 11, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409

Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:21-cv-00194
United States District Court
Southern District of New York

Dave Socol, individually and on behalf of all others similarly situated,

                              Plaintiff,

    - against -

7-Eleven, Inc.,

                              Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: January 11, 2021

                                                                              /s/ Spencer Sheehan
                                                                                Spencer Sheehan